## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. _____

FILED BY ___ D.C.

JUL 18 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

IN RE: Grand Jury  05-02 (WPB)
                    07-103 (WPB)
_____/

### UNITED STATES' PETITION TO UNSEAL GRAND JURY TRANSCRIPTS

At the direction of the Attorney General, the Department of Justice hereby files this petition asking the Court to release grand jury transcripts associated with the grand jury investigations described above.

On July 6, 2025, the Department of Justice and Federal Bureau of Investigation issued a memorandum describing an exhaustive review undertaken of investigative holdings relating to Jeffrey Epstein (the "Memorandum").[1] The Memorandum detailed the steps taken by the Department of Justice and Federal Bureau of Investigation to determine whether evidence existed that could predicate an investigation into uncharged third parties. As the Memorandum concluded, no such evidence was uncovered during the review.

Since July 6, 2025, there has been extensive public interest in the basis for the Memorandum's conclusions. While the Department of Justice and Federal Bureau of Investigation continue to adhere to the conclusions reached in the Memorandum, transparency to the American public is of the utmost importance to this Administration. Given the public interest in the investigative work conducted by the Department of Justice and Federal Bureau of Investigation into Epstein, the Department of Justice petitions the Court to unseal the underlying grand jury

_____
[1] https://www.justice.gov/opa/media/1407001/dl?inline.

1

transcripts in *United States v. Epstein*, subject to appropriate redactions of victim-related and other personal identifying information.[2] The Department will work with the United States Attorney's Offices for Southern District of New York and Southern District of Florida to make appropriate redactions of victim-related information and other personal identifying information prior to releasing the transcripts. Transparency in this process will not be at the expense of our obligation under the law to protect victims.

    **1.**    On July 2, 2019, a grand jury sitting in the Southern District of New York returned an indictment charging Epstein with sex trafficking offenses. *See* Dkt. No. 2. On August 10, 2019, while awaiting trial, Epstein committed suicide in his cell in the Metropolitan Correctional Center in New York City. Soon after, the Court dismissed the indictment. Dkt. No. 52.

    **2.**    On June 29, 2020, a grand jury sitting in the Southern District of New York charged Epstein's longtime confidant, Ghislaine Maxwell, with numerous offenses related to the trafficking and coercion of minors. *See United States v. Maxwell*, 1:20-cr-330, Dkt. No. 1 (S.D.N.Y. June 29, 2020). In December 2021, a jury found Maxwell guilty on several counts. Maxwell was sentenced to 240 months' imprisonment and the Second Circuit later affirmed her convictions and sentence. *See United States v. Maxwell*, 118 F.4th 256 (2d Cir. 2024).

    **3.**    On July 6, 2025, the Department of Justice and Federal Bureau of Investigation announced the conclusion of their review of the particulars of Epstein's crimes and death. Since then, the public's interest in the Epstein matter has remained. Given this longstanding and legitimate interest, the government now moves to unseal grand jury transcripts associated with Epstein.

---

[2] The Department of Justice is filing similar motions in *United States v. Maxwell*, 1:20-cr-330 (S.D.N.Y.), and in *United States v. Epstein*, 1:19-cr-490 (S.D.N.Y.).

4.        "It is a tradition of law that proceedings before a grand jury shall generally remain secret." *In re Biaggi*, 478 F.2d 489 (2d Cir. 1973). "[T]he tradition of secrecy," however, "is not absolute." *In re Petition of Nat. Sec. Archive*, 104 F. Supp. 3d 625, 628 (S.D.N.Y. 2015). Although Rule 6(b)(3) of the Federal Rules of Criminal Procedure generally lists the exceptions to grand jury secrecy, the Second Circuit has recognized that "there are certain 'special circumstances' in which release of grand jury records is appropriate even outside the boundaries of the rule." *In re Craig*, 131 F.3d 99, 102 (2d Cir. 1997); *see also Carlson v. United States*, 837 F.3d 753, 767 (7th Cir. 2016) ("Rule 6(e)(3)(E) does not displace that inherent power. It merely identifies a permissive list of situations where that power can be used."). One such "special circumstance" is historical interest by the public. *In re Craig*, 131 F.3d at 105. Under *In re Craig*, this Court retains discretion to determine "whether such an interest outweighs the countervailing interests in privacy and secrecy[.]" *Id.*

5.        Public officials, lawmakers, pundits, and ordinary citizens remain deeply interested and concerned about the Epstein matter. Indeed, other jurists have released grand jury transcripts after concluding that Epstein's case qualifies as a matter of public concern. *See* Order Granting Plaintiff's Motion for Reconsideration of the Trial Court's February 29, 2024 Order, *CA Florida Holdings, LLC v. Dave Aronberg and Joseph Abruzzo*, 50-2019 CA-014681 (15th Cir. July 1, 2024).[3] After all, Jeffrey Epstein is "the most infamous pedophile in American history." *Id.* The facts surrounding Epstein's case "tell a tale of national disgrace." *In re Wild*, 994 F.3d 1244, 1247 (11th Cir. 2021) (discussing the plea agreement secured by Epstein in Florida). The grand jury records are thus "critical pieces of an important moment in our nation's history." *In re Petition of Nat. Sec. Archive*, 104 F. Supp. 3d at 629. "The time for the public to guess what they contain

---

[3] https://www.mypalmbeachclerk.com/home/showpublisheddocument/4194/638554423710170000.

3

should end." *Id.* Notably, the privacy interests at stake on the other side of the balance are substantially diminished due to Epstein's death. Of course, as noted above, the Department of Justice will work with the United States Attorney's Office for the Southern District of New York to redact all victim-identifying information prior to any release.

**6.** The Department of Justice recognizes that this Court is bound by *Pitch v. United States*, 953 F.3d 1226 (11th Cir. 2020) (en banc) (district courts lack inherent, supervisory power to authorize the disclosure of grand jury records outside of the exceptions enumerated in Rule 6(e)(3)). Nevertheless, the Department raises this argument due to the significance of the matter and to preserve it for any potential appeal. To the extent this Court maintains that this "petition to disclose arises out of a judicial proceeding in another district," Fed. R. Crim. P. 6(G), the Court should "transfer the petition to" the U.S. District Court for the Southern District of New York. *Id.* The Government is simultaneously filing motions for release of grand jury material in *United States v. Maxwell*, 1:20-cr-330 (S.D.N.Y.), and in *United States v. Epstein*, 1:19-cr-490 (S.D.N.Y.).

7.     For these reasons, this Court should conclude under *In re Craig* that Epstein's case qualifies as a matter of public interest, release the associated grand jury transcripts, and lift any preexisting protective orders. *See In re Craig*, 131 F.3d at 105 ("It is … entirely conceivable that in some situations historical or public interest alone could justify the release of grand jury information.").

Respectfully submitted,

PAMELA J. BONDI
U.S. Attorney General

TODD BLANCHE
Deputy Attorney General

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY
Florida Bar No. 60024
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9001
Email: Hayden.OByrne@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

IN RE: Grand Jury 05-02 (WPB)
              07-103 (WPB)
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY
Florida Bar No. 60024
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9001
Email: Hayden.OByrne@usdoj.gov