**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN RE: Grand Jury 05-02
(WPB) & 07-103 (WPB)
_____/

FILED BY _____ D.C.

JUL 19 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER REQUIRING SUPPLEMENTAL BRIEFING

This Cause is before the Court on the United States' Petition to Unseal Grand Jury Transcripts (the "Petition"), filed on July 18, 2025. Pursuant to Federal Rule of Criminal Procedure 6, the Government requests that the transcripts related to grand jury investigations 05-02 (WPB) and 07-103 (WPB) (the "Florida Proceedings") be unsealed "subject to appropriate redactions of victim-related and other personal identifying information." Pet. at 1. Additionally, the Government states that "[t]o the extent this Court maintains that this 'petition to disclose arises out of a judicial proceeding in another district' . . . the Court should 'transfer the petition to'" the Southern District of New York. _Id._ at 4–5 (referencing other petitions filed in _United States v. Maxwell_, No. 1:20-CR-330 (S.D.N.Y.) and _United States v. Epstein_, No. 1:19--490 (S.D.N.Y.)) (the "New York Proceedings"). Having reviewed the Petition, the Court requires supplemental briefing on two issues.

### The Government's Request to Unseal Grand Jury Documents

First, the Court requires the Government to clarify its legal position in support of its request to unseal the grand jury materials. The rule applicable to the Government's request, Rule 6 of the Federal Rules of Criminal Procedure, "codifies the traditional rule of grand jury secrecy and provides a comprehensive framework for determining whether and under what conditions the records of grand jury proceedings may be released." _Pitch v. United States_, 953 F.3d 1226, 1229 (11th Cir. 2020). This rule of secrecy is subject to exceptions, but in this Circuit, there are only

five—that is, there are five, limited exceptions under which a district court may authorize the disclosure of grand jury materials. Fed. R. Crim. P. 6(e)(3)(E); *Pitch*, 953 F.3d at 1242.

It is unclear from the Petition whether the Government is arguing that any of the five exceptions applies to its request. On the one hand, the Government acknowledges the governing, binding law on this Court, which limits the available grounds for disclosure. Pet. ¶ 6 (stating that the Government "recognize[s] that this Court is bound by *Pitch*"). On the other hand, the Government implies that it may concede that, under governing law, this Court must deny the Petition, but the Government nonetheless intends to appeal. *Id.* (stating that the Government seeks to preserve the issue for any potential appeal).

The Government shall therefore clarify its legal position. In supplemental briefing, the Government shall clarify whether: **(1) it concedes that this Court must deny the Petition under binding Eleventh Circuit precedent, but that it nonetheless seeks an order from this Court so that it may file an appeal; or (2) it argues that an exception applies that would permit this Court to grant the Government's Petition, together with legal argument in support of the same.**

<u>The Government's Request for a Transfer of the Petition to New York</u>

Second, the Court requires supplemental briefing on the Government's request to transfer the Petition. The rule applicable to the Government's request, Rule 6(e)(3)(G) of the Federal Rules of Criminal Procedure, mandates that "[i]f the petition to disclose arises out of a judicial proceeding in another district, the petitioned court must transfer the petition to the other court unless the petitioned court can reasonably determine whether disclosure is proper." Under this Rule, a transfer to another district is only permissible when a proceeding "arises out of a judicial proceeding in another district," yet the Government's Petition does not identify any facts or law in

support of the contention that the Florida Proceedings *arose out of* the New York Proceedings. Because the Florida Proceedings appear to have been initiated many years prior to the New York Proceedings, any argument that the Florida Proceedings nonetheless arose out of the New York Proceedings must be accompanied with an explanation and with legal argument in support of the same. Therefore, in supplemental briefing, the Government shall clarify: **(1) whether it is the Government's position that the Petition is eligible for transfer to the New York Proceedings; (2) the legal basis under which the transfer is proper under Rule 6(3)(G); and (3) specifically how the materials, Petition, or Florida Proceedings arose out of the New York Proceedings.** Alternatively, if, under applicable law, there is no legal basis to transfer the Petition, the Government should clearly state the same.

It is hereby **ORDERED** that the Government must file a supplemental brief addressing the above-described issues. The Government's brief shall not exceed ten pages and shall be submitted **by no later than 3 p.m. on Sunday, July 20, 2025.**

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 19th day of July, 2025.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE