UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

IN RE: Grand Jury  05-02 (WPB)
                   07-103(WPB)
_____/

FILED BY _____ D.C.

JUL 20 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**UNITED STATES' RESPONSE TO ORDER ON SUPPLEMENTAL BREIFING**

Consistent with the Court's July 19, 2025 order, the United States files this supplemental brief addressing (1) the government's request to transfer this petition to the Southern District of New York; and (2) the government's request to unseal grand jury documents.

**A.     The Court Should Transfer this Petition to the Southern District of New York**

In response to the second set of questions posed in the July 19, 2025 Order, the government responds as follows: (1) this petition is eligible for transfer to the Southern District of New York; (2) Rule 6(e)(3)(G) permits the transfer since the only judicial proceedings were in the Southern District of New York and not in the Southern District of Florida; and (3) this petition to disclose arose out of the highly-publicized indictment of Jeffrey Epstein and subsequent federal criminal trial of Ghislaine Maxwell in the Southern District of New York. Further, this petition is ancillary to the New York Proceedings seeking the same relief.

The petition is eligible for transfer to the Southern District of New York under Rule 6(e)(3)(G), which states the following:

> **(G)** If the *petition to disclose* arises out of a *judicial proceeding* in another district, the petitioned court must transfer the petition to the other court unless the petitioned court can reasonably determine whether disclosure is proper. If the petitioned court decides to transfer, it must send to the transferee court the material sought to be disclosed, if feasible, and a written evaluation of the need for continued grand-jury secrecy. The transferee court must afford those persons identified in Rule 6(e)(3)(F) a reasonable opportunity to appear and be heard.

Fed. R. Crim. P. 6(e)(3)(G) (emphasis added).

This Petition to Disclose (filed on July 18, 2025) arises out of two highly publicized judicial proceedings in the Southern District of New York: the indictment and criminal prosecution of Jeffrey Epstein, *United States v. Epstein*, 1:19-CR-490 (S.D.N.Y.), and the subsequent federal criminal indictment, trial, and conviction of Ghislaine Maxwell in the Southern District of New York, *United States v. Maxwell*, 1:20-CR-330 (S.D.N.Y.). Indeed, the relief sought in this petition is ancillary to the relief sought in those cases. Motions seeking identical relief were contemporaneously filed in the Southern District of New York on July 18, 2025.[1] Rule 6(e)(3)(i) requires that this petition "must be filed in the district where the grand jury convened." As a result, this petition was also filed in this Court.

The only judicial proceedings are in the Southern District of New York. In the July 19, 2025 Order Requiring Supplemental Briefing, the Court defined the Southern District of Florida ("SDFL") grand jury proceedings as the "Florida Proceedings," and *United States v. Maxwell*, No. 1:20-CR-330 (S.D.N.Y.) and *United States v. Epstein*, No. 1:19-CR-490 (S.D.N.Y.) as the "New York Proceedings." But the "Florida Proceedings" were not judicial proceedings—they were grand jury proceedings. To that point, the Eleventh Circuit in *Pitch* distinguished between grand jury and judicial proceedings: "The grand jury is by design an institution independent from the Judicial Branch. Accordingly, the district court neither presides over the grand jury nor monitors its proceedings. In fact, Rule 6 does not permit the district judge to be present in the grand jury room at all." *Pitch v. United States*, 953 F.3d 1226, 1237 (11th Cir. 2020) (en banc) (cleaned up); *see also* Fed. R. Crim. P. 6(d).

---

[1] Copies of those motions are attached hereto as Exhibits 1 and 2.

Because the only judicial proceedings giving rise to this petition are located in the Southern District of New York, "the petitioned court must transfer the petition to the other court unless the petitioned court can reasonably determine whether disclosure is proper." Fed. R. Crim. P. 6(e)(3)(G). The underlying matters have been litigated in the Southern District of New York, but no similar action exists in the Southern District of Florida. The Southern District of New York can better assess the need for the release of transcripts resulting from those historic cases and the scope of necessary redactions based upon information already disseminated through the trial and public docket. *Cf. Douglas Oil Co. of Ca. v. Petrol Stops Nw.*, 441 U.S. 211, 212 (1979) ("[T]he better practice would have been for the [petitioned] Court, after making a written evaluation of the need for continued grand jury secrecy and a determination that the limited evidence before it showed that disclosure might be appropriate, to send the requested materials to the [] Court where the civil cases were pending."); Fed. R. Crim. P. 6(e)(3)(G) ("If the petitioned court decides to transfer, it must send to the transferee court the material sought to be disclosed, if feasible, and a written evaluation of the need for continued grand-jury secrecy."). Judicial efficiency counsels in favor of transferring this petition to the Southern District of New York so that one court may consider all the related materials and issue consistent rulings.

**B.     This Investigation Constitutes a Special Circumstance Justifying Disclosure**

Consistent with its petition, the government recognizes that Eleventh Circuit precedent holds that no exception outside those expressly enumerated under Criminal Rule 6(e)(3) authorizes a court to publicly disclose grand jury materials. *See Pitch v. United States*, 953 F.3d 1226, 1229 (11th Cir. 2020) (en banc). The government also recognizes that, in this circuit, only an en banc decision or the Supreme Court may overrule that decision. *See generally Scott v. United* States, 890 F.3d 1239, 1257 (discussing prior-panel-precedent rule).

That said, decisions from other circuits support public disclosure of grand jury materials under "special circumstances," including when a matter possesses historical interest by the public. *See In re Biaggi*, 478 F.2d 489, 494 (2d Cir. 1973) (affirming release of grand jury witness testimony based on the "special circumstances" of the case); *In re Craig*, 131 F.3d 99, 102 (2d Cir. 1997) ("[W]e hold today that there is nothing . . . that prohibits historical interest, on its own, from justifying release of grand-jury material in an appropriate case."); *Carlson v. United States*, 837 F.3d 753, 766–67 (7th Cir. 2016) ("While [the court's] inherent supervisory authority is limited to 'preserving or enhancing the traditional functioning' of the grand jury, that includes the power to unseal grand jury materials in circumstances not addressed by Rule 6(e)(3)(E).") (cleaned up).

The Second Circuit's decision in *In re Biaggi* demonstrates that public interest in an investigation might constitute a special circumstance justifying public disclosure. There, the district court ordered the public disclosure of a political candidate's grand jury testimony given less than two years earlier. *In re Biaggi*, 478 F.2d at 490. The events preceding the district court's order included press coverage on how the candidate allegedly responded to questions during his testimony. *See id.* at 490–91. That coverage eventually led to a television broadcast during which the candidate announced that he would request to have his testimony reviewed by the court to determine whether he invoked his Fifth Amendment privilege in response to questions about his personal finances and assets. *Id.* at 491. Contrary to that more limited request, the U.S. Attorney moved for disclosure of all the candidate's testimony, which the district court ultimately ordered. *Id.* at 491. The Second Circuit affirmed the district court's order because the candidate's more limited request "was framed . . . in such a manner as to create a false impression in light of the publicity that had given rise to it." *Id.* at 494. Thus, the Second Circuit concluded that the district court did not abuse its discretion considering the "special circumstances" of the case. *See id.*

Similar to the U.S. Attorney's request in *In re Biaggi*, the government's position here is that the public's strong interest in this historical investigation into Jeffrey Epstein constitutes a special circumstance justifying the public disclosure of grand jury materials. The public's interest in this investigation persists despite the findings from the Department of Justice and Federal Bureau of Investigation discussed in the July 5, 2025 memorandum. Given the historical public interest in this investigation, public disclosure of grand jury materials is justified under the special circumstances of this case. To the extent this Court's decision is preordained by *Pitch*, the government preserves its right to appeal that decision and rely on decisions from the Second and Seventh Circuit for support.

Finally, many of the rationales supporting grand jury secrecy under Rule 6(e) no longer apply to this investigation because of Jeffrey Epstein's death. With this grand jury investigation no longer pending, concerns over the defendant's flight or obstruction or possible collusion among grand jury witnesses no longer apply. Therefore, the stasis of this investigation further justifies public disclosure of grand jury transcripts. *See In re Pub. First Law Ctr.*, No. 1:24-mc-00215-TMB-NC, 2024 WL 1885724, at *6 (D. Haw. Apr. 29, 2024) ("[O]ther courts have noted that the policy rationale to preserve grand jury secrecy is less obvious after the grand jury proceedings have ended because the primary reasons for grand jury secrecy, namely to 'prevent flight, protect the jurors, and protect witnesses from being pressured,' are generally less applicable.") (footnote omitted).

### C.   Conclusion

This Court should transfer this petition to the Southern District of New York because this matter arises out of a judicial proceeding in another district under Rule 6(G). Alternatively, this Court should grant the government's petition and order the release of grand jury transcripts from

this investigation because the strong public interest in this investigation constitutes "special circumstances" justifying release.

Respectfully submitted,

PAMELA J. BONDI
U.S. Attorney General

TODD BLANCHE
Deputy Attorney General

*Hayden P. O'Byrne*
HAYDEN P. O'BYRNE
United States Attorney,
Southern District of Florida
Florida Bar No. 60024
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9001
Email: Hayden.OByrne@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Jeffrey Epstein,

Defendant.



1:19-cr-490 (RMB)

## UNITED STATES' MOTION TO UNSEAL GRAND JURY TRANSCRIPTS

At the direction of the Attorney General, the Department of Justice hereby moves the Court to release grand jury transcripts associated with the above-referenced indictment.

On July 6, 2025, the Department of Justice and Federal Bureau of Investigation issued a memorandum describing an exhaustive review undertaken of investigative holdings relating to Jeffrey Epstein (the "Memorandum").[1] The Memorandum detailed the steps taken by the Department of Justice and Federal Bureau of Investigation to determine whether evidence existed that could predicate an investigation into uncharged third parties. As the Memorandum concluded, no such evidence was uncovered during the review.

Since July 6, 2025, there has been extensive public interest in the basis for the Memorandum's conclusions. While the Department of Justice and Federal Bureau of Investigation continue to adhere to the conclusions reached in the Memorandum, transparency to the American public is of the utmost importance to this Administration. Given the public interest in the investigative work conducted by the Department of Justice and Federal Bureau of Investigation into Epstein, the Department of Justice moves the Court to unseal the underlying grand jury

---

[1] https://www.justice.gov/opa/media/1407001/dl?inline.

transcripts in *United States v. Epstein*, subject to appropriate redactions of victim-related and other personal identifying information.[2] The Department will work with the United States Attorney's Office for Southern District of New York to make appropriate redactions of victim-related information and other personal identifying information prior to releasing the transcripts. Transparency in this process will not be at the expense of our obligation under the law to protect victims.

1. On July 2, 2019, a grand jury sitting in the Southern District of New York returned an indictment charging Epstein with sex trafficking offenses. *See* Dkt. No. 2. On August 10, 2019, while awaiting trial, Epstein committed suicide in his cell in the Metropolitan Correctional Center in New York City. Soon after, the Court dismissed the indictment. Dkt. No. 52.

2. On June 29, 2020, a grand jury sitting in the Southern District of New York charged Epstein's longtime confidant, Ghislaine Maxwell, with numerous offenses related to the trafficking and coercion of minors. *See United States v. Maxwell*, 1:20-cr-330, Dkt. No. 1 (S.D.N.Y. June 29, 2020). In December 2021, a jury found Maxwell guilty on several counts. Maxwell was sentenced to 240 months' imprisonment, and the Second Circuit later affirmed her convictions and sentence. *See United States v. Maxwell*, 118 F.4th 256 (2d Cir. 2024).

3. On July 6, 2025, the Department of Justice and Federal Bureau of Investigation announced the conclusion of their review of the particulars of Epstein's crimes and death. Since then, the public's interest in the Epstein matter has remained. Given this longstanding and legitimate interest, the government now moves to unseal grand jury transcripts associated with Epstein.

---

[2] The Department of Justice is filing similar motions in *United States v. Maxwell*, 1:20-cr-330 (S.D.N.Y.), and in the Southern District of Florida.

4.  "It is a tradition of law that proceedings before a grand jury shall generally remain secret." *In re Biaggi*, 478 F.2d 489 (2d Cir. 1973). "[T]he tradition of secrecy," however, "is not absolute." *In re Petition of Nat. Sec. Archive*, 104 F. Supp. 3d 625, 628 (S.D.N.Y. 2015). Although Rule 6(b)(3) of the Federal Rules of Criminal Procedure generally lists the exceptions to grand jury secrecy, the Second Circuit has recognized that "there are certain 'special circumstances' in which release of grand jury records is appropriate even outside the boundaries of the rule." *In re Craig*, 131 F.3d 99, 102 (2d Cir. 1997); *see also Carlson v. United States*, 837 F.3d 753, 767 (7th Cir. 2016) ("Rule 6(e)(3)(E) does not displace that inherent power. It merely identifies a permissive list of situations where that power can be used."). One such "special circumstance" is historical interest by the public. *In re Craig*, 131 F.3d at 105. Under *In re Craig*, this Court retains discretion to determine "whether such an interest outweighs the countervailing interests in privacy and secrecy[.]" *Id*.

5.  Public officials, lawmakers, pundits, and ordinary citizens remain deeply interested and concerned about the Epstein matter. Indeed, other jurists have released grand jury transcripts after concluding that Epstein's case qualifies as a matter of public concern. *See* Order Granting Plaintiff's Motion for Reconsideration of the Trial Court's February 29, 2024 Order, *CA Florida Holdings, LLC v. Dave Aronberg and Joseph Abruzzo*, 50-2019 CA-014681 (15th Cir. July 1, 2024).[3] After all, Jeffrey Epstein is "the most infamous pedophile in American history." *Id*. The facts surrounding Epstein's case "tell a tale of national disgrace." *In re Wild*, 994 F.3d 1244, 1247 (11th Cir. 2021) (discussing the plea agreement secured by Epstein in Florida). The grand jury records are thus "critical pieces of an important moment in our nation's history." *In re Petition of Nat. Sec. Archive*, 104 F. Supp. 3d at 629. "The time for the public to guess what they contain

---

[3] https://www.mypalmbeachclerk.com/home/showpublisheddocument/4194/638554423710170000.

should end." *Id.* Notably, the privacy interests at stake on the other side of the balance are substantially diminished due to Epstein's death. Of course, as noted above, the Department of Justice will work with the United States Attorney's Office for the Southern District of New York to redact all victim-identifying information prior to any release.

6. For these reasons, this Court should conclude that the Epstein and Maxwell cases qualify as a matter of public interest, release the associated grand jury transcripts, and lift any preexisting protective orders. *See In re Craig*, 131 F.3d at 105 ("It is ... entirely conceivable that in some situations historical or public interest alone could justify the release of grand jury information.").

Respectfully submitted,

PAMELA J. BONDI
U.S. Attorney General

/s/ Todd Blanche
TODD BLANCHE
Deputy Attorney General

Case 9:25-mc-80920-RLR   Document 3   Entered on FLSD Docket 07/23/2025   Page 11 of 14
Case 1:20-cr-0⬤⬤0-AJN   Document 785   Filed 07⬤⬤/25   Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Ghislaine Maxwell,

Defendant.

1:20-cr-330 (AJN)



## UNITED STATES' MOTION TO UNSEAL GRAND JURY TRANSCRIPTS

At the direction of the Attorney General, the Department of Justice hereby moves the Court to release grand jury transcripts associated with the above-referenced indictment.

On July 6, 2025, the Department of Justice and Federal Bureau of Investigation issued a memorandum describing an exhaustive review undertaken of investigative holdings relating to Jeffrey Epstein (the "Memorandum").[1] The Memorandum detailed the steps taken by the Department of Justice and Federal Bureau of Investigation to determine whether evidence existed that could predicate an investigation into uncharged third parties. As the Memorandum concluded, no such evidence was uncovered during the review.

Since July 6, 2025, there has been extensive public interest in the basis for the Memorandum's conclusions. While the Department of Justice and Federal Bureau of Investigation continue to adhere to the conclusions reached in the Memorandum, transparency to the American public is of the utmost importance to this Administration. Given the public interest in the investigative work conducted by the Department of Justice and Federal Bureau of Investigation into Epstein, the Department of Justice moves the Court to unseal the underlying grand jury

---

[1] https://www.justice.gov/opa/media/1407001/dl?inline.

transcripts in *United States v. Epstein*, subject to appropriate redactions of victim-related and other personal identifying information.[2] The Department will work with the United States Attorney's Office for Southern District of New York to make appropriate redactions of victim-related information and other personal identifying information prior to releasing the transcripts. Transparency in this process will not be at the expense of our obligation under the law to protect victims.

1.      On July 2, 2019, a grand jury sitting in the Southern District of New York returned an indictment charging Epstein with sex trafficking offenses. *See United States v. Epstein*, 1:19-cr-490, Dkt. No. 2. (S.D.N.Y.). On August 10, 2019, while awaiting trial, Epstein committed suicide in his cell in the Metropolitan Correctional Center in New York City. Soon after, the Court dismissed the indictment. Dkt. No. 52.

2.      On June 29, 2020, a grand jury sitting in the Southern District of New York charged Epstein's longtime confidant, Ghislaine Maxwell, with numerous offenses related to the trafficking and coercion of minors. *See* Dkt. No. 1. In December 2021, a jury found Maxwell guilty on several counts. This Court sentenced Maxwell to 240 months' imprisonment and the Second Circuit later affirmed her convictions and sentence. *See United States v. Maxwell*, 118 F.4th 256 (2d Cir. 2024).

3.      On July 6, 2025, the Department of Justice and Federal Bureau of Investigation announced the conclusion of their review of the particulars of Epstein's crimes and death. Since then, the public's interest in the Epstein matter has remained. Given this longstanding and legitimate interest, the government now moves to unseal grand jury transcripts associated with Epstein.

---

[2] The Department of Justice is filing similar motions in *United States v. Epstein*, 1:19-cr-490 (S.D.N.Y.), and in the Southern District of Florida.

4.  "It is a tradition of law that proceedings before a grand jury shall generally remain secret." *In re Biaggi*, 478 F.2d 489 (2d Cir. 1973). "[T]he tradition of secrecy," however, "is not absolute." *In re Petition of Nat. Sec. Archive*, 104 F. Supp. 3d 625, 628 (S.D.N.Y. 2015). Although Rule 6(b)(3) of the Federal Rules of Criminal Procedure generally lists the exceptions to grand jury secrecy, the Second Circuit has recognized that "there are certain 'special circumstances' in which release of grand jury records is appropriate even outside the boundaries of the rule." *In re Craig*, 131 F.3d 99, 102 (2d Cir. 1997); *see also Carlson v. United States*, 837 F.3d 753, 767 (7th Cir. 2016) ("Rule 6(e)(3)(E) does not displace that inherent power. It merely identifies a permissive list of situations where that power can be used."). One such "special circumstance" is historical interest by the public. *In re Craig*, 131 F.3d at 105. Under *In re Craig*, this Court retains discretion to determine "whether such an interest outweighs the countervailing interests in privacy and secrecy[.]" *Id.*

5.  Public officials, lawmakers, pundits, and ordinary citizens remain deeply interested and concerned about the Epstein matter. Indeed, other jurists have released grand jury transcripts after concluding that Epstein's case qualifies as a matter of public concern. *See* Order Granting Plaintiff's Motion for Reconsideration of the Trial Court's February 29, 2024 Order, *CA Florida Holdings, LLC v. Dave Aronberg and Joseph Abruzzo*, 50-2019 CA-014681 (15th Cir. July 1, 2024).[3] After all, Jeffrey Epstein is "the most infamous pedophile in American history." *Id.* The facts surrounding Epstein's case "tell a tale of national disgrace." *In re Wild*, 994 F.3d 1244, 1247 (11th Cir. 2021) (discussing the plea agreement secured by Epstein in Florida). The grand jury records are thus "critical pieces of an important moment in our nation's history." *In re Petition of Nat. Sec. Archive*, 104 F. Supp. 3d at 629. "The time for the public to guess what they contain

---

[3] https://www.mypalmbeachclerk.com/home/showpublisheddocument/4194/638554423710170000.

should end." *Id.* Notably, the privacy interests at stake on the other side of the balance are substantially diminished due to Epstein's death. Of course, as noted above, the Department of Justice will work with the United States Attorney's Office for the Southern District of New York to redact all victim-identifying information prior to any release. While the Government recognizes that Maxwell's case is currently pending before the Supreme Court on a petition for a writ of certiorari, it nonetheless moves this Court for relief due to the intense public scrutiny into this matter.

6. For these reasons, this Court should conclude that the Epstein and Maxwell cases qualify as a matter of public interest, release the associated grand jury transcripts, and lift any preexisting protective orders. *See In re Craig*, 131 F.3d at 105 ("It is … entirely conceivable that in some situations historical or public interest alone could justify the release of grand jury information.").

Respectfully submitted,

PAMELA J. BONDI
U.S. Attorney General

/s/ Todd Blanche
TODD BLANCHE
Deputy Attorney General