**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**



IN RE: Grand Jury 05-02
(WPB) & 07-103 (WPB)
_____/

## <u>ORDER DENYING PETITION TO UNSEAL GRAND JURY TRANSCRIPTS</u>

The matter before the Court is the United States' request to unseal grand jury transcripts stemming from the Government's investigation into Mr. Jeffrey Epstein in the Southern District of Florida. For the reasons set forth below, Eleventh Circuit law does not permit this Court to grant the Government's request; the Court's hands are tied—a point that the Government concedes.

The Government initiated the matter before the Court by filing the United States' Petition to Unseal Grand Jury Transcripts on July 18, 2025, and the Government's Response to the Court's Order on Supplemental Briefing (hereinafter "Supp. Br.") on July 20, 2025 (together, the "Petition"). Pursuant to Federal Rule of Criminal Procedure 6, the Government requests that the transcripts related to grand jury investigations 05-02 (WPB) and 07-103 (WPB) (the "Florida Federal Grand Jury Proceedings") be unsealed "subject to appropriate redactions of victim-related and other personal identifying information." Pet. at 1. Additionally, the Government states that "[t]o the extent this Court maintains that this 'petition to disclose arises out of a judicial proceeding in another district' . . . the Court should 'transfer the petition to'" the Southern District of New York. *Id.* at 4–5 (referencing other petitions filed in *United States v. Maxwell*, No. 1:20-CR-330 (S.D.N.Y.) and *United States v. Epstein*, No. 1:19-490 (S.D.N.Y.)) (the "New York Federal Proceedings").

## I.     BACKGROUND

The Government's Petition seeks to unseal transcripts from the Florida Federal Grand Jury Proceedings—grand jury investigations into Mr. Epstein. The federal grand juries were convened in West Palm Beach in 2005 and 2007.

Simultaneously with its filing of the instant Petition, the Government also filed parallel petitions to unseal transcripts in the Southern District of New York ("SDNY"), which pertain to the 2019 and 2020 SDNY federal grand jury investigations. The 2019 SDNY grand jury returned an indictment charging Mr. Epstein with crimes including sex trafficking offenses. Pet. ¶ 1. The indictment was dismissed after Mr. Epstein committed suicide while awaiting trial. *Id.* The 2020 SDNY grand jury charged Mr. Epstein's "longtime confidant, Ms. Ghislaine Maxwell," with offenses related to the sex trafficking and coercion of minors. *Id.* ¶ 2; *Maxwell*, 1:20-CR-330, Dkt. No. 1. After a conviction and sentencing in her case, Ms. Maxwell's sentence was affirmed by the Second Circuit. *United States v. Maxwell*, 118 F.4th 256 (2d Cir. 2024).

On July 6, 2025, the Department of Justice ("DOJ") and the Federal Bureau of Investigation issued a memorandum "describing an exhaustive review undertaken of investigative holdings related to" Mr. Epstein. Pet. at 1. The DOJ memorandum concluded that no evidence was uncovered "that could predicate an investigation into uncharged third parties." *Id.* Since the issuance of the DOJ memorandum, "there has been extensive public interest in the basis for the [m]emorandum's conclusions." *Id.* Because "[p]ublic officials, lawmakers, pundits, and ordinary citizens remain deeply interested and concerned about the Epstein matter," the Government petitioned to unseal the relevant grand jury transcripts—including the Florida transcripts at issue in the pending Petition in this District. *Id.*

## II.   DISCUSSION

The Petition contains two requests for relief: (1) a request to disclose evidence; and (2) a request to transfer the Petition to the Southern District of New York. Both requests are denied for the reasons stated below.

**1.   The Government's Request to Disclose Evidence**

Federal Rule of Criminal Procedure 6(e) governs the disclosure of grand jury proceedings. The Rule emphasizes a presumption of secrecy and mandates that, generally, "[u]nless the rules provide otherwise[,]" participants in the proceeding "must not disclose a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B). Rule 6(e)(3) enumerates several specific exceptions to the general rule of nondisclosure. For example, the Rule provides that "a government attorney may, without prior court approval, disclose grand jury records to other government attorneys or officials for use in performing the attorneys' duties, or to other grand juries for the purpose of conducting criminal or intelligence investigations." *Pitch v. United States*, 953 F.3d 1226, 1234 (11th Cir. 2020) (en banc) (citing Fed. R. Crim. P. 6(e)(3)(A)–(D)), *cert. denied*, -- U.S. --, 141 S. Ct. 624 (2020) (citation modified). The Rule also provides exceptions where a *district court* may allow for disclosure of grand jury materials and states that a "court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter" (1) "preliminarily to or in connection with a judicial proceeding"; (2) "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury"; or (3) at the request of the government for use in a foreign, state, tribal, or military criminal investigation. Fed. R. Crim. P. 6(e)(3)(E)(i)–(v).

The Government's Petition to unseal the grand jury transcripts is not based on any of the exceptions in Rule 6. Instead, the Government makes two arguments outside Rule 6. First, the Government argues that disclosure is proper because "many of the rationales supporting grand jury

secrecy under Rule 6(e) no longer apply to this investigation because of Jeffery Epstein's death."
Supp. Br. at 5. It further argues that "the public's strong interest in th[e] historical investigation
into Jeffrey Epstein constitutes a special circumstance justifying public disclosure." *Id.* (citation
modified). Notably, the Government's requested exception is recognized only in the Second and
Seventh Circuits. *In re Biaggi*, 478 F.2d 489, 494 (2d Cir. 1973) (affirming release of grand jury
witness testimony based on the "special circumstances" of the case); *In re Craig*, 131 F.3d 99, 102
(2d Cir. 1997) ("[W]e hold today that there is nothing . . . that prohibits historical interest, on its
own, from justifying release of grand-jury material in an appropriate case."); *Carlson v. United
States*, 837 F.3d 753, 766–67 (7th Cir. 2016) (holding that a district court's inherent authority
"includes the power to unseal grand jury materials in circumstances not addressed by
Rule(e)(3)(E)").

 Contrary to the Government's stated basis and the Second and Seventh Circuits,[1] the
Eleventh Circuit has directly held that a district court "do[es] not possess the . . . power to order
the release of grand jury records in instances not covered by" Rule 6(e)(3)(E).[2] *Pitch*, 953 F.3d at
1241. "District courts may only authorize the disclosure of grand jury materials if one of the five

---

[1] A district court is bound by the decisions of its intermediate appellate court. That is, this Court, the Southern District
of Florida, is bound by the decisions of the Eleventh Circuit of Appeals. The Southern District of New York is bound
by the decisions of the Second Circuit Court of Appeals. As discussed above, the Eleventh and Second Circuits have
differing decisions regarding a district court's authority to disclose materials under Rule 6. *Cf. United States v.
Maxwell*, No. 1:20-CR-330, Dkt. No. 789, 1–2 (S.D.N.Y. July 22, 2025) (requiring supplemental briefing on a "special
circumstances" exception to Rule 6 recognized in the Second Circuit); *United States v. Epstein*, No. 1:19-490, Dkt.
No. 63, 1–2 (S.D.N.Y. July 22, 2025)(same).

[2] Before 2020, Eleventh Circuit case law held that "a [district] court's power to order disclosure of grand jury records
is not strictly confined to instances spelled out in" Rule 6. *In re Petition to Inspect & Copy Grand Jury Materials*, 735
F.2d 1261 (11th Cir. 1984). The Eleventh Circuit's en banc decision in *Pitch*, however, specifically overruled that
decision. *Pitch*, 953 F.3d at 1229 ("We now hold that Rule 6(e) is exhaustive, and that district courts do not possess
inherent, supervisory power to authorize the disclosure of grand jury records outside of Rule 6(e)(3)'s enumerated
exceptions. We therefore overrule our holding in *Hastings* to the contrary."). And because *Pitch* was decided by an
en banc panel of the Eleventh Circuit, it is the definitive law in this circuit. *See Scott v. United States*, 890 F.3d 1239,
1257 (11th Cir. 2018) ("The prior-panel-precedent rule requires subsequent panels of the court to follow the precedent
of the first panel to address the relevant issue, 'unless and until the first panel's holding is overruled by the Court
sitting en banc or by the Supreme Court.'").

exceptions listed in Rule 6(e)(3)(E) applies." *Id.*; *accord McKeever v. Barr*, 920 F.3d 842, 850 (D.C. Cir. 2019) ("[A] district court has no authority outside Rule 6(e) to disclose grand jury matter[s]."); *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) ("[C]ourts will not order disclosure absent a recognized exception to Rule 6(e) or a valid challenge to the original sealing order or its implementation."); *In re Grand Jury 89-4-72*, 932 F.2d 481, 488 (6th Cir. 1991) ("[A court] cannot, and must not, breach grand jury secrecy for any purpose other than those embodied by [Rule 6].").

The Eleventh Circuit reasoned that the drafters of Rule 6 "permitted deviations from the general rule of secrecy only when the '*rules* provide otherwise'—not when the *court* provides otherwise." *Pitch*, 953 F.3d at 1235 (citing Fed. R. Crim. P. 6(e)(2)) (emphasis in original). That "intentional choice" by the drafters highlights their "understanding that disclosure should be limited to the text of Rule 6(e)." *Id.* To hold otherwise would have been to "render the detailed list of exceptions to Rule 6(e)(2) merely precatory." *Id.* at 1236; *see also Andrus v. Glover Constr. Co.*, 446 U.S. 608, 616–17 (1980) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent."). Accordingly, *Pitch* held that "Rule 6(e) is exhaustive, and that district courts do not possess . . . power to authorize the disclosure of grand jury records outside of Rule 6(e)(3)'s enumerated exceptions." 953 F.3d at 1229.

The Government does not assert that disclosure is appropriate under any exception in Rule 6(e)(3)(E). Instead, it argues that special circumstances exist and that the policy reasons for grand jury secrecy have expired. However, the Government's stated rationale are not exceptions in Rule 6. The Court cannot grant a request for disclosure unless one of the five exceptions in Rule 6(e)(3)(E) applies.

The Government concedes as much in its Petition. It acknowledges that the "Department of Justice recognizes that this Court is bound by *Pitch*" and that it "raises this argument due to the significance of the matter and to preserve it for any potential appeal." Pet. ¶ 6. In its Supplemental Briefing, the Government further recognizes that "Eleventh Circuit precedent holds that no exception outside those expressly enumerated under" Rule 6 "authorizes a court to publicly disclose grand jury materials." Supp. Br. at 3. Finally, the Government acknowledges that this Court cannot contravene binding Eleventh Circuit case law. *Id.* ("The [G]overnment also recognizes that, in this circuit, only an en banc decision or the Supreme Court may overrule that decision."). Consistent with *Pitch* and the Government's concessions, the request to disclose is denied.

**2.    The Government's Request for Transfer to the Southern District of New York**

The Court denies the Government's request for transfer for two reasons. The Court concludes that the Government must argue a potentially valid exception for the Court to consider a request for transfer of the Petition to another district, which the Government has not done. The Court also concludes that, in the alternative, the applicable standard for a transfer of the Petition to another district is not met in this case.

a)    The Petition is Not Eligible for Transfer Under Rule 6(e)(3)(G)

The Government argues that its Petition is eligible for transfer to the New York Federal Proceedings under Rule 6(e)(3)(G), which states that "[i]f the petition to disclose arises out of a judicial proceeding in another district, the petitioned court must transfer the petition to the other court unless the petitioned court can reasonably determine whether disclosure is proper." Supp. Br. at 1. Transfer is proper here, the Government argues, because the Florida Federal Grand Jury Proceedings were merely grand jury investigations, whereas the New York Federal Proceedings resulted in an indictment and a criminal proceeding. *Id.* at 2–3. Therefore, the Government argues,

"[t]he Southern District of New York can better assess the need for the release of transcripts resulting from those historic cases and the scope of necessary redactions based upon information already disseminated through the trial and public docket." *Id.*

Based on the Court's review of Rule 6(e)(3)(G), the Government cannot invoke Rule 6 because it has not accompanied its request to transfer with an argument for a legally permissible disclosure exception. Stated differently, the Government must first argue that there is a valid ground to request a Rule 6(e)(3)(E)(i) disclosure—disclosure authorized preliminarily to or in connection with a judicial proceeding. The Court reaches this conclusion based upon Rule 6(e)(3), the advisory committee notes, and the Supreme Court case that resulted in Rule 6(e)(3)(G).

The 1983 Advisory Committee Note explains that a potential Rule 6(e)(3)(G) transfer "is currently governed by *Douglas Oil* and the authorities cited therein, and is best left to elaboration by future case law." Turning to *Douglas Oil Co. of California v. Petrol Stops Northwest*, the Supreme Court set forth the test for when a district court may authorize disclosure of grand jury transcripts "preliminarily to or in connection with a judicial proceeding":

> Parties seeking grand jury transcripts under Rule 6(e) must show [1] that the material they seek is needed to avoid a possible injustice in another judicial proceeding, [2] that the need for disclosure is greater than the need for continued secrecy, and that [3] their request is structured to cover only material so needed.

441 U.S. 211, 222 (1979). The Supreme Court noted, however, that it can be difficult for the petitioned court[3] to conduct the *Douglas Oil* balancing test because the petitioned court lacks special knowledge about the related judicial proceeding. *Id.* at 229–30. Therefore, the Supreme Court explained that the "better practice" in this circumstance would be for the petitioned court to conduct a written evaluation of the need for continued grand jury secrecy and then transfer the

---

[3] Pursuant to Rule 6(e)(3)(F), "[a] petition to disclose a grand-jury matter under Rule 6(e)(3)(E)(i) must be filed in the district where the grand jury convened."

petition, requested materials, and evaluation to the court presiding over the related judicial proceeding. *Id.* at 230–31. The Supreme Court reasoned that the court overseeing the related judicial proceeding would have the required "special knowledge" of the underlying litigation and could therefore best "consider[ ] the requests for disclosure in light of the [transferring] court's evaluation of the need for continued grand jury secrecy." *Id.* at 231.

This "better practice" articulated by the Supreme Court was codified in the current Rule 6(e)(3)(G) governing transfer. Fed. R. Crim. P. 6 advisory committee's note to 1983 amendment; *United States v. Lischewski*, No. 18-CR-00203-EMC-1, 2023 WL 2600451, at *5 (N.D. Cal. Mar. 22, 2023). The 1983 Committee Note highlights the connection between Rules 6(e)(3)(E)(i) and 6(e)(3)(G), stating that "[u]nder the first sentence in new subdivision (e)(3)(E), the petitioner or any intervenor might seek to have the matter transferred to the federal district court where the judicial proceeding giving rise to the petition is pending."

The Court reads Rule 6(e)(3)(G) to require a Rule 6(e)(3)(E)(i) exception—that is, transfer of a petition to disclose made "preliminarily to or in connection with a judicial proceeding." *See* 2 Fed. Grand Jury § 18:10 (2d ed.) ("Rules 6(e)(3)(F) and 6(e)(3)(G) combine to create a procedure that must be followed when seeking disclosure under Rule 6(e)(3)(E)(i), *i.e.,* for use preliminary to or in connection with a judicial proceeding."); *see also In re Grand Jury Investigation*, No. 18-GJ-00008 (BAH), 2019 WL 13160140, at *3 (D.D.C. Oct. 30, 2019) (discussing the Rule (6)(e)(3)(G) transfer provision in the context of the Rule 6(e)(3)(E)(i) exception).

The Government indirectly acknowledges the need for its transfer request to be accompanied with a Rule 6(e)(3)(E)(i) exception because it relies upon the language of Rule 6(e)(3)(F) as a basis for filing the Petition in this District. Supp. Br. at 2; Fed. R. Civ. P. 6(e)(3)(F). Pursuant to its text, Rule 6(e)(3)(F) applies only when there is a basis for disclosure under Rule

6(e)(3)(E)(i), yet no argument exists in the Petition in support of a Rule 6(e)(3)(E)(i) exception. Instead, the Government's arguments concern only the public-interest-focused special circumstances justifying disclosure—circumstances not addressed in Rule 6(e)(3)(E).

Because the Government does not seek disclosure under the Rule 6(e)(3)(E)(i) exception, and because the Government provides no argument as to why that exception should apply, the Government's request to transfer the Petition to the Southern District of New York pursuant to Rule 6(e)(3)(G) is denied.

b)  <u>The Legal Standard for a Rule 6(e)(3)(G) Transfer is Not Met</u>

In the alternative, even if the Government made an argument for an exception under Rule 6(e)(3)(E) that is recognized in this Circuit such that the Government could potentially seek a transfer under Rule 6(e)(3)(G), which the Government has not, Rule 6(e)(3)(G) states: "If the petition to disclose **arises out of a judicial proceeding in another district**, the petitioned court must transfer the petition to the other court **unless the petitioned court can reasonably determine whether disclosure is proper**." (emphasis added). The Government's request does not meet either standard.

<u>Arising Out of a Judicial Proceeding</u>

The Government's request for transfer does not arise out of a judicial proceeding; the Government does not seek the disclosure of evidence for itself. Indeed, the Government provided the evidence sought to be unsealed with the Petition. Consistent with the fact that the Government does not need the evidence, it has not filed the Petition for the purpose of prosecuting[4] the New York Federal Proceedings—the trial-level proceedings concluded years ago. Similarly, the

---

[4] The evidence is similarly not sought for the purpose of aiding a party's defense in the New York Federal Proceedings.

Government has not filed the Petition because unsealing the evidence is necessary for the proper litigation of the New York Federal Proceedings.

Instead, the specifics of the New York Federal Proceedings are absent from the Petition.[5] This lack of information and discussion stands in stark contrast to cases where courts grant Rule 6(e)(3)(G) requests for transfer. For example, in *Lischewski*, plaintiffs in an MDL asked a district court to unseal grand jury transcripts. 2023 WL 2600451, at *1. Both the litigants and the court engaged in extensive discussion and analysis of the state of the litigation of the MDL, and how the transcripts would be used in the MDL. *Id.* at *1–*3. Because the district court had doubt about its ability to understand all of the nuances and history of the MDL, the district court transferred the petition to the MDL. *Id.* at *8.

At the root of cases such as *Lischewski* is the commonsense question to the movant: "Why do you need the evidence?" Based upon the answer, courts question whether they know enough about the destination court proceedings to rule. *See Douglas Oil*, 441 U.S. at 228. But in this Petition, the Government's request is not to assist with litigation in the New York Federal Proceedings. The Government wants the Petition to be granted so that it can release evidence to the public at large. The need to disclose renders the New York Federal Proceedings irrelevant. Such a circumstance strongly suggests that the Petition does not *arise* from the New York Federal Proceedings.

Further, the text of the Petition sources the need for the Petition in the Government's recent public memorandum summarizing its investigation into Mr. Epstein. Pet. at 1 ("[T]he Department of Justice and Federal Bureau of Investigation issued a memorandum describing an internal review

---

[5] The Government's briefing on the status of the New York Federal Proceedings is limited to informing the Court that it has filed what are almost identical petitions in the Southern District of New York.

of investigative holdings relating to Jeffrey Epstein."). Because that memorandum resulted in great public interest, the Government filed the instant Petition. *Id.* ("[T]here has been extensive public interest in the basis for the Memorandum's conclusions."). As such, the request to unseal arises from the Government's internal investigation, from its public statements about that investigation, and from great public interest in the investigation, but it does not arise from the New York Federal Proceedings themselves. The Government has not filed the Petition in response to a pleading, objection, strategy, or ruling in the New York Federal Proceedings, and it does not state that it will use the unsealed evidence in furtherance of any case-related objective—the trial proceedings have concluded.

<u>Whether the Court Can Determine if Disclosure is Proper</u>

This Court may transfer the Petition to another district only if it is unable to reasonably determine whether disclosure is proper. Fed. R. Civ. P. 6(e)(3)(G). By way of an example discussed above, the *Lischewski* court transferred a petition to unseal to an MDL because the *Lischewski* court was uncertain it could appreciate all of the nuances and history of the MDL. In contrast to cases such as *Lischewski*, this Court has already determined that the disclosure sought in this case would not be proper under clear Eleventh Circuit law; the Government has effectively conceded that the Court's hands are tied, but the Government wishes to preserve the issue for a potential appeal. *See* Part 1; Pet. at 4. Pursuant to *Pitch* and for all of the reasons set forth above, this Court *can* determine whether disclosure is proper—it is not. The Government's request to transfer is therefore denied for all of the reasons set forth above.

### III.    RULING

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Petition is **DENIED**.

It is **FURTHER ORDERED** that, as a matter of public interest, the Court directs the Clerk of Court to open a new miscellaneous case with the United States' Petition to Unseal Grand Jury Transcripts as the initiating document. The following filings and Orders shall be included: (1) the United States' Petition to Unseal Grand Jury Transcripts, filed on July 18, 2025; (2) the Court's Order Requiring Supplemental Briefing, issued on July 19, 2025; (3) the United States' Response to the Order on Supplemental Briefing, filed on July 20, 2025; and (4) this Order. Any transcripts or grand jury materials that have not been disclosed **shall not** be included on the docket.

It is **FURTHER ORDERED** that, because the undersigned has been presiding over the United States' Petition to Unseal Grand Jury Transcripts that was filed as part of the grand jury docket, the case should be directly assigned to the undersigned.

It is **FURTHER ORDERED** that, because the Government's Petition is denied, the Clerk of Court shall **CLOSE THE CASE**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 23rd day of July, 2025.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE