UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-mc-80920-RLR

IN RE: Grand Jury 05-02 (WPB)
07-103 (WPB)
_____/

## UNITED STATES' EXPEDITED MOTION TO UNSEAL GRAND JURY TRANSCRIPTS AND MODIFY PROTECTIVE ORDER

At the direction of the Attorney General, the Department of Justice files this expedited motion asking the Court to unseal the grand jury transcripts and to modify any protective order associated with the grand jury investigations referenced above.

The Department of Justice previously petitioned the Court to unseal the grand jury transcripts associated with the above-referenced grand jury investigations because of "extensive public interest" regarding the basis for conclusions in a July 6, 2025, memorandum (the "Memorandum"). Dkt. No. 1 at 1. The Court denied the petition, concluding that neither Federal Rule of Criminal Procedure 6(e) nor precedent authorized unsealing the grand jury materials. *See* Dkt. No. 4.

After the Court entered its order, Congress nearly unanimously passed,[1] and the President signed, H.R. 4405, the Epstein Files Transparency Act (the "Act") on November 19, 2025. Subject to certain enumerated exceptions, the Act requires the Attorney General, no later than thirty days after enactment, to "make publicly available . . . all unclassified records, documents, communications, and investigative materials in the possession of the Department of Justice,

---

[1] The Act passed the House by a vote of 427 to 1; the Act passed the Senate unanimously. *See* Scott Wong, et al., Congress passes bill to force the release of the Epstein files, NBC NEWS (Nov, 19, 2025, 10:06 AM EST), https://www.nbcnews.com/politics/congress/house-bill-force-release-epstein-files-bipartisan-vote-rcna244301.

including the Federal Bureau of Investigation and United States Attorneys' Offices" that relate to nine topics, such as "Jeffrey Epstein" and "Ghislaine Maxwell." Act § 2.

The Act requires the Department of Justice to publish the grand jury transcripts associated with the above-referenced grand jury investigations, unless one of the permitted bases for withholding applies. Accordingly, subject to appropriate redactions allowed by the Act, the Department of Justice again moves the Court to unseal the grand jury transcripts associated with the grand jury investigations referenced above and to amend any applicable protective order that would otherwise prevent public disclosure.[2] In support of this request, the Department states the following:

1. On July 2, 2019, a grand jury sitting in the Southern District of New York returned an indictment charging Epstein with sex trafficking offenses. *See United States v. Epstein*, 1:19-cr-00490-RMB, Dkt. No. 2 (S.D.N.Y. July 2, 2019). The court entered a protective order prohibiting the government from, among other things, "posting or causing to be posted any of the Discovery or information contained in the Discovery on the Internet, including any social media website." *United States v. Epstein*, 1:19-cr-00490-RMB, Dkt. No. 38 at 3 (S.D.N.Y. July 25, 2019). On August 10, 2019, while awaiting trial, Epstein committed suicide in his cell in the Metropolitan Correctional Center in New York City. Soon after, the Court dismissed the indictment. *United States v. Epstein*, 1:19-cr-00490-RMB, Dkt. No. 52 (S.D.N.Y. August 29, 2019).

2. On June 29, 2020, a grand jury sitting in the Southern District of New York charged Epstein's longtime confidant, Ghislaine Maxwell, with numerous offenses related to the trafficking and coercion of minors. *See United States v. Maxwell*, 1:20-cr-330-PAE, Dkt. No. 1 (S.D.N.Y. June 29, 2020). The court entered a protective order prohibiting the government from, among other

---

[2] The Department of Justice is filing similar motions in *United States v. Maxwell*, 1:20-cr-330-PAE (S.D.N.Y) and *United States v. Epstein*, 1:19-cr-00490-RMB (S.D.N.Y.).

things "posting or causing to be posted any of the Discovery or information contained in the Discovery on the Internet, including any social media website or other publicly available medium." *United States v. Maxwell*, 1:20-cr-330-PAE, Dkt. No. 36 at 4 (S.D.N.Y. July 30, 2020). In December 2021, a jury found Maxwell guilty on several counts. Maxwell was sentenced to 240 months' imprisonment, and the Second Circuit later affirmed her convictions and sentence. *See United States v. Maxwell*, 118 F.4th 256 (2d Cir. 2024).

3. In the light of the public's interest in the Memorandum and the Department of Justice's commitment to transparency, the Department of Justice petitioned the Court to unseal the grand jury transcripts associated with the grand jury investigations referenced above and asked the Court to transfer the petition to the Southern District of New York. Dkt. Nos. 1 & 3.

4. The Court denied the petition concluding that there was no applicable exception to grand jury secrecy under Federal Rule of Criminal Procedure 6(e)(3). Dkt. No. 4. The Court also denied the request to transfer the case to the Southern District of New York. *Id.*

5. On November 19, 2025, the President signed the Epstein Files Transparency Act. The Act obligates the Attorney General, no later than thirty days after enactment, to "make publicly available . . . all unclassified records, documents, communications, and investigative materials in the possession of the Department of Justice, including the Federal Bureau of Investigation and United States Attorneys' Offices" relating to:

> (1) Jeffrey Epstein including all investigations, prosecutions, or custodial matters.
>
> (2) Ghislaine Maxwell.
>
> (3) Flight logs or travel records, including but not limited to manifests, itineraries, pilot records, and customs or immigration documentation, for any aircraft, vessel, or vehicle owned, operated, or used by Jeffrey Epstein or any related entity.
>
> (4) Individuals, including government officials, named or referenced in connection with Epstein's criminal activities, civil

>   settlements, immunity or plea agreements, or investigatory proceedings.
>
>   (5) Entities (corporate, nonprofit, academic, or governmental) with known or alleged ties to Epstein's trafficking or financial networks.
>
>   (6) Any immunity deals, non-prosecution agreements, plea bargains, or sealed settlements involving Epstein or his associates.
>
>   (7) Internal DOJ communications, including emails, memos, meeting notes, concerning decisions to charge, not charge, investigate, or decline to investigate Epstein or his associates.
>
>   (8) All communications, memoranda, directives, logs, or metadata concerning the destruction, deletion, alteration, misplacement, or concealment of documents, recordings, or electronic data related to Epstein, his associates, his detention and death, or any investigative files.
>
>   (9) Documentation of Epstein's detention or death, including incident reports, witness interviews, medical examiner files, autopsy reports, and written records detailing the circumstances and cause of death.

Act § 2(a). The Act allows for certain withholdings or redactions for "segregable portions of records that," for example, "contain personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which constitute a clearly unwarranted invasion of personal privacy:" or "would jeopardize an active federal investigation or ongoing prosecution, provided that such withholding is narrowly tailored and temporary." *Id.* § 2(c)(1). For any redactions, the Attorney General must provide "a written justification published in the Federal Register and submitted to Congress." *Id.* § 2(c)(2). The Act provides for a separate procedure for "classified information," which the Attorney General "shall declassify . . . to the maximum extent possible." *Id.* § 2(c)(3); *see also* § 2(c)(4) (addressing "[a]ll decisions to classify any covered information after July 1, 2025"). Finally, the Act requires the Attorney General, within fifteen days "of completion of the release required under Section 2" to submit to the House and Senate Committees on the Judiciary a report listing: (1) "All categories of records released and withheld;

4

(2) "A summary of redactions made, including legal basis; and (3) "A list of all government officials and politically exposed persons named or referenced in the released materials." *Id.* § 3.

6. Rule 6(e) sets forth the "General Rule of Secrecy" for grand jury materials. *Illinois v. Abbott & Assocs., Inc.*, 460 U.S. 557, 566 (1983). The Act, enacted after Rule 6(e) and specifically addressing the files at issue in this case, overrides Rule 6(e)'s restrictions on the public disclosure of otherwise secret grand jury transcripts. *See Savage Servs. Corp. v. United States*, 25 F.4th 925, 933 (11th Cir. 2022) ("[M]ore recent or specific statutes should prevail over older or more general ones." (quoting *Tug Allie-B, Inc. v. United States*, 273 F.3d 936, 941 (11th Cir. 2001))). Although the Act allows for the withholding or redaction of certain "segregable portions of records," Act § 2(c), some of which may be included in the requested grand jury transcripts, the Act does not exempt all grand jury transcripts from public production. Public production of the grand jury material is therefore required.

7. In the light of the Act's clear mandate, the Court should authorize the Department of Justice to release the grand jury transcripts and lift any preexisting protective orders that would otherwise prevent public disclosure. To the extent permitted by the Act, the Department of Justice will work with the relevant United States Attorney's Offices to make appropriate redactions of victim-related and other personal identifying information. Because of the Act's thirty-day deadline for production, the Department of Justice requests an expedited ruling on this motion. *See* Local Rule 7.1(d)(2).

## **CONCLUSION**

The Legislative and Executive Branches have nearly unanimously directed the Department of Justice to make records related to the Epstein and Maxwell investigations publicly available. The specific language in this recently enacted statute overrides Rule 6(e)'s general concerns for

grand-jury privacy. *See generally Savage Servs. Corp.*, 25 F.4th at 933. Therefore, the Department respectfully requests that the Court enter an order allowing the Department to publicly release the grand-jury materials in this case as well as lift any and all preexisting protective orders that would prevent the Department from complying with the Act.

        Respectfully submitted,

        PAMELA J. BONDI
        U.S. Attorney General

        TODD BLANCHE
        Deputy Attorney General

        JASON A. REDING QUIÑONES
        United States Attorney

By:  */s/ Manolo Reboso*
        Manolo Reboso
        Assistant United States Attorney
        Florida Bar No. 75397
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9318
        Email: Manolo.Reboso@usdoj.gov